# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MATTHEW J. BEABER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. CIV-15-382-R |
| ) | |
| STEVENS TRANSPORT, INC. ) | |
| NIKOLAS H. MEYERS, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff seeks leave to file an amended complaint (Doc. No. 15), to which Defendants object. At the same time as Defendant filed its objection to the Motion to Amend it filed a Motion for Summary Judgment (Doc. No. 16), addressing its independent liability under *Jordan v. Cates*, 935 P.2d 289 (Okla. 1991). The Court has considered the parties' submissions with regard to both motions, which although they differ significantly with regard to their procedural posture, address similar issues, and finds as follows.

Plaintiff filed this action in the District Court of Oklahoma County following an accident in which he was rear-ended by a truck driven by Defendant Meyers for Defendant Stevens Transport. Plaintiff alleged Defendant Meyers was negligent in his driving, that he was negligent *per se*, because his driving violated certain unidentified state and federal statutes and regulations, as well as Okla. Stat. tit. 47 § 11-801(A). Plaintiff further alleged that Defendant Meyers was driving on behalf of and in the course and scope of his employment for Stevens Transport.

Plaintiff seeks leave to amend, in part, to clarify which Federal Motor Carrier Safety Regulations he is relying upon in support of his claims against Defendants. In opposition to the motion Defendant contends that Plaintiff's motion to amend is an attempt to sidestep *Jordan v. Cates* and this Court's prior rulings in other cases regarding separate and independent claims against employers when they admit their allegedly negligent employee was acting within the scope of employment at the time of the accident.

Contrary to Defendant's argument, the Court cannot conclude that the entirety of Plaintiffs' proposed amended complaint is futile, because Plaintiff seeks in part to enhance his claims against Defendant Meyers by specifically identifying federal regulations that Defendant Meyers allegedly violated. Although the Federal Motor Carrier Safety Administration Regulations do not provide a private cause of action, the standards are relevant to a claim of negligence *per se*. Accordingly, because amendment with regard to the claims against Defendant Meyers would not be futile, the Court hereby grants Plaintiffs' motion to amend as it relates to such claims. *See e.g.*, Plaintiff's Proposed Amended Complaint, ¶ 9.

With regard to Defendant Stevens Transport, however, the Court finds that amendment would be futile and that Defendant is entitled to summary judgment on Plaintiff's claims for negligent entrustment, training, screening and supervision claims as set forth in paragraphs 17 and 18 of the petition. The issue presented herein, that is the availability of claims for independent claims of negligence against the employer who admits *respondeat*

*superior* liability, is not novel.[1] Plaintiff's argument has been considered many times by federal courts since the pronouncement in *Jordan v. Cates*, with nearly unanimous results. *See Landreville v. Joe Brown Co.*, 2009 WL 1437801 (E.D.Okla. May 21, 2009)(granting summary judgment to employer and declining request to limit *Jordan* to intentional torts and request to certify); *Huntley v. City of Owasso*, 497 Fed.Appx. 826, *834 (10th Cir. 2012)("So if Mr. Huntley prevails, it will be either on vicarious liability or on these other negligence claims; it cannot be on both."); *Chamberlain v. Thomas*, 2012 WL 4355908, *1 (W.D.Okla. 2012)("[I]f an employer stipulates its employee is acting within the scope of employment at the time of the underlying tort and that punitive damages are available against it on the basis of respondeat superior, then an additional claim against it on the basis of negligent hiring is unavailable."); *Simpson v. Kaya*, 2012 WL 3518037, *3 (W.D.Okla.2012) (applying Jordan to bar negligent hiring and entrustment claims when employer stipulated to its liability for employee's allegedly negligent driving); *Johnson v. Dillard's, Inc.*, 2005 WL 2372153, *6 (W.D.Okla. 2005)("Although defendant generally denied these allegations in its answer, it

---

[1] In support of his contention that a claim for negligent entrustment exists against the employer despite any concession regarding scope of employment, Plaintiff relies on a recent decision by the Oklahoma Supreme Court to decline to exercise jurisdiction over a writ of prohibition. In *Mays v. Fabri*, Case No. CJ-11-1640, the District Court of Cleveland County granted the defendants' motion for summary judgment with regard to the plaintiff's claims of negligent hiring, supervision, and retention, but denied the motion with regard to the plaintiff's claim for negligent entrustment. The defendant therein sought a writ of prohibition, which the Supreme Court of Oklahoma declined to consider.

The Court does not consider the Supreme Court's decision to decline jurisdiction as an affirmative statement of its position with regard to negligent entrustment claims under *Jordan v. Cates*, because the burden on the petitioner for such a writ is high. *See e.g. Staley v. City of Oilton*, 996 P.3d 942, n. 4 (Okla.Civ.App. 1999)("'A denial [by the supreme court] of an application for a writ of prohibition does not necessarily reflect any view on the merits, but rather may, and very often does, constitute only a ruling that the issuance of the extraordinary writ is unwarranted' under the circumstances presented." *(quoting McGaha v. Board of Regents of Univ. of Okla.*, 691 P.2d 895, 896 (Okla. 1984)(footnote omitted)).

admits in its brief that its sales associate, Jodee, was at all relevant times acting within the scope of her employment for defendant. Accordingly, defendant's liability, if any, must be based upon respondeat superior or vicarious in nature; the theory of negligent hiring and/or retention by defendant is not available to plaintiffs as a basis for recovery against defendant"); *Morris v. City of Sapulpa*, 2011 WL 1627098, *16 (N.D.Okla. 2011)("Because the City stipulates that Noe was acting within the scope of his employment, and that vicarious liability pursuant to the respondeat superior doctrine is therefore applicable, the cause of action for negligent hiring, training, and supervision is not available."); *Resler v. JKC Trucking Inc.*, 13-1005-HE (May 2, 2014)(granting protective order limiting the scope of deposition of corporate representative to exclude matters related only to potential claims for negligent hiring and retention, which were irrelevant); *Welchel v. Transcontinental Refrigerated Lines, Inc.*, CIV-02-956-M (March 11, 2014); *Mason v. Dunn*, 2015 WL 5690746, *1 (E.D.Okla. Sept. 28, 2015)(granting summary judgment on claims of negligent hiring, training and supervision in light of admission that employee was acting within the scope of his employment)

> Furthermore, a determination that Oklahoma law forecloses Plaintiff's direct liability claims "is supported by the majority of authorities addressing the issue under Oklahoma law." *Avery v. Roadrunner Transp. Servs., Inc.*, No. CIV–11–1203–D, 2012 WL 6016899, *3 (W.D.Okla. Dec. 3, 2012) ( citing *Johnny v. Bornowski*, No. 10–04008–CV–FJG, 2012 WL 13723, *2 (W.D.Mo. Jan. 4, 2012); *Dowuona–Hammond v. Integris Health*, No. CIV–10–965–C, 2011 WL 134923, *3 (W.D.Okla. Jan. 14, 2011); *Landreville v. Joe Brown Co., Inc.*, No. CIV–08–171–KEW, 2009 WL 1437801, *3 (E.D.Okla. May 21, 2009); *Aldridge v. Indian Elec. Co-op.*, No. 07–CV–633–HDC–PJC, 2008 WL 1777480, *8 (N.D.Okla. Apr. 17, 2008)). This Court already has rejected Plaintiff's argument that *Jordan* is limited to claims based on employees'

intentional torts. *See Avery*. No. CIV–11–1203–D, 2012 WL 6016899, *3 (" *Jordan* is not limited to cases involving intentional torts."); see also *Bryson v. Sierra Metals, Inc.*, No. CIV–12–839–C, 2013 WL 1397826, *1 (W.D.Okla. Mar. 25, 2013) (describing the distinction as "artificial").

*Fisher v. National Progressive, Inc.*, 2014 WL 7399185, *2 (W.D.Okla. 2014). The Court finds nothing in Plaintiff's brief that convinces it to depart from its prior holdings or the holdings of other courts as set forth above with regard to claims of negligent hiring, supervision, retention, and entrustment.[2]

Plaintiff included in his response to Defendant's Motion for Summary Judgment the affidavit of counsel, in accordance with Rule 56(d) of the Federal Rules of Civil Procedure. This rule provides that "if the nonmovant show by affidavit . . . it cannot present facts essential to justify its opposition, the court may: (2) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other

---

[2] Plaintiff also contends that the applicable federal regulations, the Federal Motor Carrier Safety Regulations ("FMCSR"), preempt application of *Jordan v. Cates*. Plaintiff correctly notes that state law in actual conflict with federal law will be subject to preemption. However, the absence of a claim for direct liability for negligent entrustment, supervision, hiring and training in this context does not conflict with federal law, because the regulations do not provide a private cause of action. *See Mason v. Dunn,* No. CIV-14-282-KEW, 2015 WL 5690746, at *3 (E.D.Okla. Sept. 28, 2015); *Schramm v. Foster*, 341 F.Supp.2d 536, 547 (D.Md.2004) (Motor Carrier Safety Act and FMCSR do "not create a private right of action for personal injuries); *Lipscomb v. Zurich Am. Ins. Co.*, 2012 WL 1902595 (E.D.La.2002) (Neither the Federal Motor Carrier Safety Regulations nor the Federal Motor Carrier Safety Act creates a private cause of action). Application of *Jordan v. Cates*, however, does not absolve a carrier of its legal obligation to comport with federal regulations simply because it eliminates direct liability under certain circumstances.

Plaintiff contends summary judgment is inappropriate on any claims of independent negligence against Defendant Stevens because a claim premised on a mechanically unsound vehicle provided by Defendant Stevens to its driver is not superfluous. The Court need not delve into this issue, however, because Plaintiff has not pled any such claim in the petition nor sought to include any such claim in the proposed amended complaint, nor are there facts in either that would give notice of any such claim. Should Plaintiff unearth facts to support such a claim and seek leave to amend his claims to conform therewith, the Court will be called upon to consider this scenario. In the absence of any such claim, however, consideration of the issue would be based purely on speculation.

appropriate order." the decision herein regarding summary judgment is not dependent on the facts of this case. Rather, the Court has concluded, as a matter of law, that Defendant Stevens Transport cannot be held liable for negligent training, hiring, entrustment or retention, claims that would all require a finding that Defendant Meyers was negligent, in light of its admission that Defendant Meyers was acting within the scope of his employment. As noted at footnote 2 above, Plaintiff has not pled a claim for negligence by Defendant Stevens with regard to placing a defective truck or a truck in disrepair on the roadway, a claim that would not require any showing of negligence by Defendant Meyers in order for Plaintiffs to prevail. As such, the affidavit does not preclude summary judgment on the claims as set forth above.

For the reasons set forth above, the Court hereby grants Plaintiff leave to amend to add claims against Defendant Meyers as set forth in the proposed Amended Complaint filed with the motion to amend. Defendant's Motion for Summary Judgment is granted with regard to Plaintiff's claims against Defendant Stevens Transport, Inc. for negligent hiring, training, supervision and retention. The amended complaint shall be filed not later than December 10, 2015.

IT IS SO ORDERED this 4th day of December, 2015.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE