# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MATTHEW J. BEABER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-15-382-R |
| | ) | |
| STEVENS TRANSPORT, INC., | ) | |
| NIKOLAS H. MEYERS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendants have filed a Motion to Compel Discovery (Doc. No. 29), to which Plaintiff has objected. (Doc. No. 39). Having considered the parties' submissions, the Court finds as follows.

Defendant issued a Request for Production to Plaintiff that included the following:

Produce all federal and state income tax returns filed by or on your behalf, including all exhibits and attachments thereto, for the last five tax years.

Plaintiff objected to and refused to comply with the request on the basis that the tax forms are private and confidential. He offered to produce the relevant W-2 forms and 1099 forms. Defendant contends that Plaintiff's tax returns are relevant to his claims for "lost earnings and impairment of future earnings."

Rue 26(a)(1)(A)(iii) requires a plaintiff to provide a computation of damages claimed, and further that he make available the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based. Furthermore, "[t]ax returns in the possession of the taxpayer are subject to discovery. A plaintiff's 'tax returns are

not generally discoverable, however, unless the plaintiff's income is directly in issue. Otherwise, there is a public policy against exposure.'" *Trujillo v. Bd. of Educ. of the Albuquerque Pub. Sch.,*, 2007 WL 1306560, *4 (D.N.M. Mar. 12, 2007)(quoting *Sanderson v. Winner*, 507 F.2d 477, 480 (10th Cir. 1974))(further citations omitted).

Here, Plaintiff has placed his income squarely at issue by seeking lost earnings as an element of his damages. Although he has provided some W-2 forms and certain 1099's, he has refused to provide tax returns. Although the tax returns may contain certain irrelevant information, as noted by Plaintiff in response to the motion to compel, the fact that extraneous information may be part of the relevant discovery does not render the returns wholly undiscoverable. Information regarding Plaintiff's spouse, Londa Beaber, with whom he apparently filed joint tax returns, may be redacted from the returns. The Court finds, however, that in the absence of any information provided by the parties regarding how Plaintiff is calculating his lost earnings, that the tax return provides the most comprehensive view of his earnings, and therefore, are subject to discovery. The parties are hereby ordered to endeavor to jointly create an appropriate protective order to prevent dissemination of Plaintiff's tax returns. Defendants' Motion to Compel (Doc. No. 29) is hereby GRANTED.

IT IS SO ORDERED this 11th day of February, 2016.


DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE